1
2
3
4
5
6
7                           UNITED STATES DISTRICT COURT
8                        SOUTHERN DISTRICT OF CALIFORNIA
9

10    JULIA TERYAEVE-REED,                    Case No.:  25cv3252-LL-AHG
11                              Plaintiff,
                                             **ORDER GRANTING MOTION TO**
12                                           **PROCEED IN FORMA PAUPERIS**
                                             **[ECF No. 2]; DISMISSING**
13    v.                                     **COMPLAINT FOR FAILURE TO**
                                             **COMPLY WITH FEDERAL RULE**
14                                           **OF CIVIL PROCEDURE 8 AND FOR**
                                             **FAILURE TO STATE A CLAIM**
15    U.S.A., et al.,                        **PURSUANT TO 28 U.S.C.**
                                             **§ 1915(e)(2)(B) [ECF No. 1]; and**
16                                           **DENYING REMAINING MOTIONS**
17                              Defendants.   **AS MOOT [ECF Nos. 3, 4]**
18

19

20         Plaintiff Julia Teryaeve-Reed, an immigration detainee at the time of filing but since

21    removed from the United States,[1] proceeding *pro se*, has filed a civil rights complaint.

22    ECF No. 1. Plaintiff has also filed a motion to proceed in forma pauperis, a motion to

23    produce documents and for statutory authority, and a motion for expungement of records.

24    *See* ECF Nos. 2-4. Plaintiff's 55-page Complaint, which attaches and references 64 pages

25

26

27    [1] *See* Order, *Teryaeve-Reed v. LaRose, et al.*, No. 25-cv-2219-AGS-JLB (S.D. Cal. Nov.

28    25) (ECF No. 23) (dismissing petition for writ of habeas corpus as moot due to removal
      from United States).

                                              1
                                                                      25cv3252-LL-AHG

1  of exhibits, indicates that it is raising claims under the Federal Tort Claims Act ("FTCA")
2  and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388
3  (1971). *See* ECF No. 1 at 1. As discussed below, the Court grants Plaintiff's IFP motion,
4  dismisses the Complaint without prejudice, and denies the remaining motions as moot.

5  **I.    MOTION TO PROCEED IFP**

6      Generally, a party who institutes a civil action, suit, or proceeding in a district court
7  of the United States, must pay a filing fee of $405. *See* 28 U.S.C. § 1914(a). The action
8  may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave
9  to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047,
10  1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). If the
11  plaintiff seeing to proceed IFP is a "prisoner," the Prison Litigation Reform Act ("PLRA")
12  requires submission of a "certified copy of the trust fund account statement (or institutional
13  equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."
14  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).

15      Here, at the time of filing, Plaintiff was an immigration detainee being held under
16  the authority of the Department of Homeland Security. *See* ECF No. 1 at 1. Under the
17  PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused
18  of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or
19  the terms and conditions of parole, probation, pretrial release, or diversionary program."
20  28 U.S.C. § 1915(h). A person detained and subject to removal or deportation, however, is
21  not a "prisoner" under § 1915(h). *Agyeman v. Immigration & Naturalization Servs.*, 296
22  F.3d 871, 886 (9th Cir. 2002) ("[W]e hold that an alien detained by the INS pending
23  deportation is not a 'prisoner' within the meaning of the PLRA.") Because Plaintiff is not
24  a "prisoner," the filing fee provisions of 28 U.S.C. § 1915(b) are inapplicable to this case
25  and as such, the Court need only review her affidavit of assets.

26      "An affidavit in support of an IFP application is sufficient where it alleges that the
27  affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v.*
28  *Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours*

1 | *& Co.*, 335 U.S. 331, 339 (1948)). Plaintiff attests she is unemployed, does not receive

2 | income from any source other than family, does not have a savings or checking account,

3 | does not own any assets of value, such as real estate, an automobile, or other similar items,

4 | and owes $600,000 in restitution. *See* ECF No. 2. Accordingly, the Court finds Plaintiff

5 | has established she is unable to pay the fees or post the securities required to maintain a

6 | civil action and therefore **GRANTS** the IFP motion. *See* S.D. Cal. CivLR. 3.2(d).

7 | **II.    SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

8 | **A.    Legal Standards**

9 | A complaint filed by a person proceeding IFP is subject to *sua sponte* dismissal if it

10 | is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s]

11 | monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B);

12 | *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the

13 | provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *Lopez v. Smith*, 203

14 | F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but

15 | requires a district court to dismiss an in forma pauperis complaint that fails to state a

16 | claim.")

17 | "The standard for determining whether Plaintiff has failed to state a claim upon

18 | which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of

19 | Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d

20 | 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint to "contain sufficient

21 | factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,

22 | 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual

23 | allegations are not required, "[t]hreadbare recitals of the elements of a cause of action,

24 | supported by mere conclusory statements, do not suffice" to state a claim. *Id*. The "mere

25 | possibility of misconduct" fall short of meeting this plausibility standard. *Id.*

26 | **B.    Discussion**

27 | Federal Rule of Civil Procedure 8(a) requires that a complaint provide "a short and

28 | plain statement of the claim showing that the pleader is entitled to relief," sufficient to

1    "give the defendant fair notice of what the . . . claim is and the grounds upon which it

2    rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Iqbal*, 556 U.S. at 678.

3    Plaintiff's 55-page complaint, which is verbose and difficult to determine which allegations

4    attempt to support which claims, and which relies on 64 pages of exhibits, does not satisfy

5    Rule 8. *See Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (holding

6    that verbose and confusing 48-page complaint with 14 pages of addenda and 9 pages of

7    exhibits was properly dismissed under Rule 8); *see Arnold v. Hearst Mag. Media, Inc.*, No.

8    19cv1969-WQH (MDD), 2020 WL 3469367, at *8 (S.D. Cal. June 24, 2020) ("Exhibits

9    attached to a complaint are not a substitute for factual allegations.") Therefore, the Court

10    **DISMISSES** the Complaint in its entirety without prejudice for failure to comply with

11    Rule 8. *See* Fed. R. Civ. P. 8(a); *see also* 28 U.S.C. § 1915(e)(2).

12         In addition, Plaintiff's complaint as drafted fails to state a claim under the FTCA or

13    *Bivens.*

14              1.    Federal Tort Claims Act

15         The FTCA waives sovereign immunity for claims arising out of common law torts

16    committed by federal employees, and "authorizes private tort actions against the United

17    States 'under circumstances where the United States, if a private person, would be liable

18    to the claimant in accordance with the law of the place where the act or omission

19    occurred.'" *U.S. v. Olson*, 546 U.S. 43, 44 (2005), quoting 28 U.S.C. § 1346(b)(1). To

20    invoke the Court's subject-matter jurisdiction under the FTCA, Plaintiff must plausibly

21    allege she "first presented the claim to the appropriate Federal agency and [her] claim shall

22    have been finally denied by the agency in writing and sent by certified or registered mail."

23    28 U.S.C. § 2675(a). Here, Plaintiff's FTCA claim must be dismissed because she has not

24    adequately alleged exhaustion of administrative remedies. While Plaintiff states she

25    presented her claims to the Department of Homeland Security for "administrative review"

26    by mailing an "SF-95" to the agency, she acknowledges that she has not received a notice

27    of receipt or any response from the agency. ECF No. 1 at 2. A federal court does not have

28    subject matter jurisdiction over an FTCA claim unless the plaintiff first presented the

underlying tort claim to the agency and it was "finally denied" by the agency. *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 111-13 (1993) (strictly construing administrative exhaustion requirement in 28 U.S.C. § 2675(a) and holding that FTCA action filed before exhaustion completed could not proceed in district court); *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) (administrative exhaustion requirement in 28 U.S.C. § 2675(a) is jurisdictional); *see also Kimber v. Del Toro*, 2024 WL 171386, at *5 (S.D. Cal. 2024) ("A plaintiff seeking to bring suit under the FTCA must affirmatively allege that they filed a claim with the appropriate federal agency and that the agency denied that claim.") Therefore, as currently pleaded, the Court lacks jurisdiction over Plaintiff's FTCA claim. *See* 28 U.S.C. § 2675(a).

### 2. Bivens

The Supreme Court "recognized an implicit cause of action against federal officials under the Fourth Amendment in *Bivens* and extended *Bivens*'s implied cause of action under the Fifth Amendment and Eighth Amendment." *Chambers v. C. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023) (citations omitted). But the Supreme Court has also stated *Bivens* is a "disfavored judicial activity," *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017), and has consistently refused to extend it beyond those three specific contexts. *See Harper v. Nedd*, 71 F.4th 1181, 1187 (9th Cir. 2023) ("Essentially then, future extensions of *Bivens* are dead on arrival.") Plaintiff has not identified an adequate basis for a *Bivens* claim in her Complaint, so any such claim would be subject to dismissal for failing to state a claim even were the Complaint not subject to dismissal under Rule 8.[2]

### C.    Leave to Amend

Given Plaintiff's pro se status, the **GRANTS** leave to amend the complaint. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not

---

[2] To the extent Plaintiff intended to include other legal basis for her claims in the Complaint or its exhibits, the Court finds the Complaint does not comply with Rule 8 as to such claims and they are also dismissed without prejudice on that basis.

1   dismiss a pro se complaint without leave to amend unless it is absolutely clear that the
2   deficiencies of the complaint could not be cured by amendment.")

3   **III.    CONCLUSION AND ORDER**

4       Accordingly, the Court:

5       1.    **GRANTS** the Motion to Proceed IFP (ECF No. 2).

6       2.    **DISMISSES** the Complaint without prejudice for failure to comply with
7   Federal Rule of Civil Procedure 8 pursuant to 28 U.S.C. § 1915(e)(2) and for failure to
8   state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

9       3.    **DENIES** as moot the Motion to produce documents and for statutory
10  authority (ECF No. 3) and the Motion for expungement of records (ECF No. 4).

11      4.    **GRANTS** Plaintiff **thirty (30)** days leave from the date of this Order in which
12  to file a First Amended Complaint which cures the deficiencies of pleading noted in this
13  Order. Plaintiff's Amended Complaint must be complete by itself without reference to his
14  original Complaint. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner*
15  *& Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the
16  original.") If Plaintiff fails to timely file a First Amended Complaint, this action will remain
17  dismissed without further leave of court.

18      **IT IS SO ORDERED.**

19  Dated:  December 12, 2025

20

21  _____
    Honorable Linda Lopez
22  United States District Judge

23

24

25

26

27

28